## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

ROGER LATUSZEK,

        Plaintiff,                      Case No.

v.                                  Hon.

OTSEGO COUNTY, a governmental
corporation, TOM PRATT, in his individual
and Official capacities, TRISHA ADAM,
in her official and individual capacity, and
RACHEL FRISCH, in her individual and
official capacities

        Defendants.
_____

Joseph X. Michaels (P79084)
CROSON, TAUB, & MICHAELS, PLLC
Attorneys for Plaintiff
455 E. Eisenhower Pkwy, Suite 75
Ann Arbor, Michigan 48108
(734) 519-0875
jmichaels@ctmlawyers.com
_____

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

    Plaintiff, Roger Latuszek, by and through his attorneys, CROSON, TAUB, &

MICHAELS, PLLC hereby brings this action against Defendants Otsego County, Tom

Pratt, Rachel Frisch, and Trisha Adam, and hereby states as follows:

## INTRODUCTION

1.      Plaintiff Roger Latuszek brings this civil-rights action pursuant to the First Amendment to the United States Constitution, 42 U.S.C. § 1983, Article I, § 5 of the Michigan Constriction of 1963, and Michigan's Whistleblower Protection Act, to remedy his illegal and unconstitutional termination in retaliation for exercising his legally-protected right to oppose illegal activities in employment, and for violations of his rights to freedom of speech in public employment.

## PARTIES, JURISDICTION, AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as the claims asserted arise out of federal constitutional and statutory law, namely 42 U.S.C. § 1983 and U.S CONST. AMEND. I.

3.      Supplemental jurisdiction over Plaintiff's state law claims is proper pursuant to 42 U.S.C. § 1367 as they arise from the same case and controversy.

4.      Venue in this Court is proper under 28 U.S.C. § 1391(b) because all of the events giving rise to this claim took place in this district and Defendants are either governmental entities within the district or individuals who reside in this district.

5.      Plaintiff Roger Latuszek is an individual who resides in the County of Otsego.

6.     Defendant Otsego County is a government body created by and operated under the laws of the State of Michigan. It exercises governmental control in Otsego County, MI.

7.     Defendant Tom Pratt is a managerial employee at Defendant Otsego County. Upon information and belief, he resides in Otsego County.

8.     Defendant Trisha Adam is a managerial employee at Defendant Otsego County. Upon information and belief, she resides in South Carolina.

9.     Defendant Rachel Frisch is a managerial employee at Defendant Otsego County. Upon information and belief, she resides in Otsego County.

## STATEMENT OF FACTS

10.     Plaintiff Roger Latuszek is a former employee of Otsego County, whose job duties included management of the Louis M. Groen nature preserve in Otsego County.

11.     For many years, Plaintiff's parents, Frank and Mary, worked for Mr. and Mrs. Louis M. Groen as caretakers for the 765-acre property which would later become a nature preserve.

12.     In 2011, Plaintiff took over these duties and began to care for the property as caretaker, as his parents had before him.

13.    Upon their death, the Groens devised their property to Otsego County for use as a nature preserve with a conservation easement, which set forth the legal requirements for the property.

14.    The Groens also set up a private foundation, which among other things, oversaw the easement and the preserve.

15.    In 2017, Plaintiff became an employee of Otsego County, and worked as the property manager for the preserve.

16.    In the summer of 2020, several trees were dying due to blight on the property and need to be replaced.

17.    The following spring, the Director of the Otsego Parks Department, Defendant Thomas Pratt, told Plaintiff that he had obtained a quote for $400,000 to replace the tress and the related irrigation system.

18.    Plaintiff questioned Defendant Pratt on this seemingly high amount, but Defendant Pratt assured Plaintiff he had received a quote from a local company.

19.    Plaintiff asked if Defendant Pratt had received any other bids on the project, and Defendant Pratt responded that he wanted the company to do the job since he personally knew the owner.

20.    This flatly violated County policies requiring three bids for such a project.

21.    In July 2021, Plaintiff alerted the Board members of the Groen Preserve foundation, of this illegal failure to solicit bids and the exorbitant price sought by Defendant Pratt.

22.    Also in summer 2021, a dispute arose about the use of two off-road vehicles used at the Preserve. Specifically, two new replacement vehicles were purchased but came in over budget.

23.    Plaintiff, the Foundation Board Chair, and Defendant Pratt agreed that the previously used vehicles be sold at auction and the proceeds used to cover the purchase price of the new vehicles.

24.    In September 2021, Plaintiff went to the City Garage for a repair on his truck and noticed that the two old off-road vehicles (which had been stored there) were no longer there.

25.    Plaintiff learned that these two vehicles had been moved to the County airport.

26.    Plaintiff learned they had been picked up with other property, including a hay elevator and a pontoon boat with a motor, that were also supposed to go to auction with the proceeds being distributed to the preserve foundation.

27.    Plaintiff immediately contacted Defendant Pratt and informed him of what he had learned. Defendant Pratt told Plaintiff that he had every right to do it, as he had the permission of Defendant Fritsch.

28.    Thereafter, Plaintiff contacted several Foundation board members, as well as County Parks and Recreation Board members, and informed each of them that the County had violated the easement and misappropriated the property for an improper use.

29.    At the next meeting of the Otsego County Parks and Recreation Board on October 11, 2021, Mr. Latuszek was asked about the off-road vehicles that were transferred to the County airport.

30.    The Otsego County Parks and Recreation Board is a public body of Otsego Cosunty.

31.    Plaintiff opposed this violation of the easement. Plaintiff articulated to board members that there had been a specific agreement for the property to be sold and proceeds given to the foundation, which Defendant Pratt denied.

32.    Plaintiff also stated that a transfer of the property to the airport without consideration would violate the conservation easement, which was a legally binding document that served as the governing law for the preserve.

33.    Moreover, the transfer of such a property without the Foundation's permission would amount to a theft or conversion of such a property by the County.

34.    Through the entire meeting, the discussion was civil and professional.

35.     Approximately one week after this meeting, Defendant Pratt summoned Plaintiff to his office, and took issue with Plaintiff's answers to Board members during the board meeting.

36.     Defendant Pratt told Plaintiff he needed to be a "team player" for the County.

37.     Defendant Pratt told Plaintiff that the questioning by Plaintiff was a "major issue for him" and that "something needed to be done about it."

38.     A few days later, Plaintiff's County email access was cut off, and his computer was no longer working. These issues were still not fixed as of his last date of employment.

39.     At a foundation board meeting on October 26, 2021, members again brought up the issue of the off-road vehicles. A Board member demanded to know the physical location of the vehicles, and finally the County administrator admitted that they were put into a "motor pool" and distributed to the County.

40.     This assertion was false, as the vehicles had simply been transferred to the County airport.

41.     On or about January 7, 2022, Plaintiff met with Defendant Pratt as well as the County HR Director, via Zoom.

42.     In that meeting, Plaintiff was presented with a letter, dated January 5, that was titled "Year End Review/Last Chance Agreement."

43.   This was his first "year end review" with the County, even though Plaintiff had worked there since 2017.

44.   The letter, for the first time, raised concerns with Plaintiff's performance and his "communication"

> Your conduct at the Parks and Recreation Meeting on October 11th was unacceptable. Your responses to board member questions were contrary to the discussions you and I have had about our 5-year plan for the Groen Preserve, staffing levels, tree project and the ATV vehicles that were replaced. Further, your tone and conduct which included slamming books on the table was unprofessional and a poor reflection on our department as while. Additionally, when I was looking into your concerns voiced at the meeting, it was clear that you were making disparaging statements to other county employees about me which is wholly inappropriate.

45.   The letter gave Plaintiff a 10-day disciplinary sentence and required him to sign a last chance agreement.

46.   This letter falsely claimed that Plaintiff had acted unprofessionally, and also directly referenced "disparaging remarks" about Defendant Pratt.

47.   The letter also claimed that Plaintiff had made false statements during Board meetings, which was false.

48.   The only "disparaging remarks" made by Plaintiff were his comments that Defendant Pratt was illegally appropriating foundation property for other purposes.

49.   Plaintiff did not sign this agreement, and later met via Zoom with Defendant Pratt and Defendant Adam a second time. This time, they chastised

Plaintiff for speaking to County commissioners and again demanded he sign the agreement.

50.    After another revision to this letter, on or about January 27, 2022, Plaintiff met with Defendant Fritch, the County Administrator.

51.    When Plaintiff refused to sign the false document, Defendant Fritsch terminated his employment, with the input and consultation of Defendants Pratt and Adam.

52.    Defendants attempted to claim this termination was a "resignation" because Plaintiff refused to sign the last chance agreement, but Plaintiff did not resign his position.

53.    The real motivation for Plaintiff's termination was retaliation for his exercise of his constitutionally protected speech, and his whistleblowing activity.

## CAUSES OF ACTION

### COUNT I
### FIRST AMENDMENT RETALIATION
### 42 U.S.C. § 1983:  U.S. CONST. AMEND. I
### *(Against all Defendants)*

54.    Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

55.    The Defendants are all "persons" covered by the meaning of 42 U.S.C. § 1983.

56.     At all relevant times, Individual Defendants acted under color of state law by virtue of the performance of their duties as employees of Defendant Otsego County, which is created by and operated under the laws of the State of Michigan.

57.     Plaintiff engaged in protected activity under the First Amendment of the United States Constitution.

58.     The Individual Defendants' actions against Plaintiff were motivated in significant part by Plaintiff's constitutionally protected speech.

59.     Plaintiff suffered an objectively adverse employment action when he was terminated.

60.     But for Plaintiff's exercise of his constitutionally protected right to free speech, he would not have been terminated.

61.     Individual Defendants violated Plaintiff's clearly established constitutional right to be free of retaliation for speech under the First Amendment to the U.S. Constitution and are not entitled to qualified immunity.

62.     These actions were undertaken via a policy, practice, or procedure of Defendant Otsego County.

63.     As a result of Defendants' unlawful conduct, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic and non-economic loss, including but not limited to, lost wages, damage to professional reputation, emotional distress, outrage and humiliation.

64.    The Individual Defendants' actions were done with reckless disregard to Plaintiff's federally protected rights, entitling him to punitive damages.

65.    Plaintiff also seeks an injunction against the Individual Defendants in their official capacity reinstating Plaintiff to his position and preventing any further unconstitutional actions under *Ex Parte Young*, 209 U.S. 123 (1908).

**COUNT II**
**FREEDOM OF SPEECH**
<u>MICH. CONST. OF 1963, ART. I, SEC. 5</u>
*(Against Defendant Otsego County)*

66.    Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

67.    Defendant Otsego County is a Michigan Governmental entity, subject to the dictates of the Michigan Constitution.

68.    Plaintiff engaged in protected activity under the Free Speech Clause of the Michigan Constitution as set forth above.

69.    Plaintiff suffered an objectively adverse employment action when he was terminated by Defendant Otsego County.

70.    But for Plaintiff's exercise of his constitutionally protected right to free speech, he would not have been terminated.

71.    Defendant Otsego County's actions against Plaintiff were motivated in significant part by Plaintiff's constitutionally protected speech.

72.     As a result of Defendant Otsego County's unlawful conduct, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic and non-economic loss, including but not limited to, lost wages, damage to professional reputation, emotional distress, outrage and humiliation.

**COUNT III**
**WHISTLEBLOWER PROTECTION ACT**
**MCL § 15.361,** *et seq.*
*(Against Defendant Otsego County)*

73.     Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

74.     At all relevant times, Plaintiff was an employee, and Defendant Otsego County was an employer covered by and within the meaning of the Whistleblower's Protection Act ("WPA"), MCL § 15.361.

75.     Otsego County is a public body as defined by the Whistleblower's Protection Act ("WPA"), MCL § 15.361(d).

76.     Plaintiff reasonably believed Defendant Otsego County was in violation or suspected violation of laws related to disposition of public property, conservation easements, and competitive bidding for public contracts.

77.     Plaintiff engaged in protected activity under MCL § 15.362 when he reported Defendant Otsego County's above-described conduct, which he reasonably believed violated the law.

78.     Defendant retaliated against Plaintiff because of his protected activity in violation of the WPA by, *inter alia*, placing him on a last chance agreement, suspending him, and terminating his employment.

79.     As a direct and proximate result of Defendant's violation of the WPA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

80.     As a further direct and proximate result of Defendant's violation of the WPA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Roger Latuszek prays that this Honorable Court grant the following remedies:

a.     Compensatory damages for monetary and nonmonetary loss in whatever amount he is found to be entitled;

b.     Exemplary and punitive damages in whatever amount he is found to be entitled;

c.    A judgment for lost wages and benefits, past and future, in whatever amount

he is found to be entitled;

d.    An order of this Court reinstating Plaintiff to the positions he would have if

there had been no wrongdoing by Defendants;

e.    An injunction of this Court prohibiting any further unconstitutional or illegal

acts by Defendants; and

f.    An award of interest, costs and reasonable attorney fees;

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment

against Defendants and all relief requested in this Complaint.

Respectfully submitted,
CROSON, TAUB, & MICHAELS, PLLC

*/s/ Joseph X. Michaels*
Joseph X. Michaels (P79084)
CROSON, TAUB, & MICHAELS, PLLC
455 E. Eisenhower Pkwy, Suite 75
Ann Arbor, Michigan 48108
(734) 519-0875
jmichaels@ctmlawyers.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

ROGER LATUSZEK,

        Plaintiff,                Case No.

v.                                  Hon.

OTSEGO COUNTY, a governmental
corporation, TOM PRATT, in his
individual and Official capacities, and
TRISHA ADAM in her individual and
official capacities, and RACHEL FRISCH,
in her official and individual capacities
        Defendants.

_____

Joseph X. Michaels (P79084)
CROSON, TAUB, & MICHAELS, PLLC
Attorneys for Plaintiff
455 E. Eisenhower Pkwy, Suite 75
Ann Arbor, Michigan 48108
(734) 519-0875
jmichaels@ctmlawyers.com

_____

## **DEMAND FOR JURY TRIAL**

        Plaintiff ROGER LATUSZEK, by and through his attorneys, hereby demands

a trial by jury on all claims pled herein.

                        Respectfully submitted,
                        CROSON, TAUB, & MICHAELS, PLLC

                        */s/ Joseph X. Michaels*
                        Joseph X. Michaels (P79084)

CROSON, TAUB, & MICHAELS, PLLC
455 E. Eisenhower Pkwy, Suite 75
Ann Arbor, Michigan 48108
(734) 519-0875
jmichaels@ctmlawyers.com
*Attorney for Plaintiff*